Warren L. Dranit, Esq. (State Bar No. 160252)
Karin P. Beam, Esq. (State Bar No. 112331)
SPAULDING McCULLOUGH & TANSIL LLP
90 South E Street, Suite 200
P.O. Box 1867
Santa Rosa, CA 95402
Telephone:   (707) 524-1900
Facsimile:   (707) 524-1906
email: dranit@smlaw.com; beam@smlaw.com

Craig M. Stainbrook, Esq. (State Bar No. 160876)
STAINBROOK & STAINBROOK, LLP
3558 Round Barn Boulevard, Suite 203
Santa Rosa, CA 95403
Telephone:   (707) 578-9333
Facsimile:   (707) 578-3133
email: craig@northbay-iplaw.com

Attorneys for Plaintiffs
Pacific Garden Supply, Inc., Thomas Ghiglieri, and Julia Ghiglieri

**EDL**

## U. S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PACIFIC GARDEN SUPPLY, INC., a California corporation, THOMAS GHIGLIERI, and JULIA GHIGLIERI,

    Plaintiffs,

vs.

VUE TECHNOLOGY, LLC, a Louisiana limited liability corporation, and DAVID D'AQUIN,

    Defendants.

Case No.: **C 07 2635**

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, BREACH of CONTRACT, FRAUD, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF B&P § 17200

**BY FAX**

DEMAND FOR JURY TRIAL

Plaintiffs PACIFIC GARDEN SUPPLY, INC., THOMAS GHIGLIERI and JULIA GHIGLIERI, ("plaintiffs") for their claims against defendants allege as follows:

### JURISDICTION AND VENUE

1. This action is brought under the U.S. Patent Laws, 35 U.S.C. §1 et seq., for the infringement of plaintiffs' utility and design patents. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338.

2. This action is also brought under the United States Trademark Act of 1946, as amended, 15 U.S.C. §§1051 et seq. (the "Lanham Act") and the statutory and common law of the

1

1  State of California. This Court has jurisdiction under 15 U.S.C. §1121, and 28 U.S.C. §§1331,
2  1332.

3   3.   This Court also has supplemental jurisdiction under 28 U.S.C. §1367 over the
4  subject matter of plaintiffs' claims based on the statutory and common law of the State of
5  California, because those claims are so related to plaintiffs' federal claims as to form part of the
6  same case or controversy under Article III of the United States Constitution.

7   4.   Defendants regularly conduct business in this judicial district, having agreed to
8  conduct business with plaintiff Pacific Garden Supply at it principal place of business in Marin
9  County, California. Plaintiffs are informed and believe, and thereon allege, that defendants have
10 offered to sell and are continuing to offer to sell, and have sold and are continuing to sell infringing
11 products in this judicial district, and are subject to personal jurisdiction in this judicial district.

12  5.   Venue is proper under 28 U.S.C. §1391.

13                INTRADISTRICT ASSIGNMENT

14  6.   Pursuant to Civil Local Rule 3-2 (c), this action is an Intellectual Property Action
15 that may be assigned on a district-wide basis.

16                THE PLAINTIFFS

17  7.   Plaintiff THOMAS GHIGLIERI is an individual residing in San Rafael, California.
18 Plaintiff JULIA GHIGLIERI is an individual residing in San Rafael, California. Plaintiff PACIFIC
19 GARDEN SUPPLY, INC. is a California corporation with its principal place of business located at
20 128 H Carlos Drive, San Rafael, California, 94903.

21  8.   Plaintiffs THOMAS and JULIA GHIGLIERI are the owners of a utility patent,
22 Patent No. 6,042,250, for a lighting system used to provide uniform illumination from an elevated
23 height. Plaintiffs GHIGLIERI also own the federally registered trademark LUMENARC and have
24 the exclusive right to make, use, offer to sell, sell, and import a product known as the LUMENARC
25 reflector hood. The LUMENARC registration was issued by the U.S. Trademark Office on
26 December 23, 1997 and assigned registration number 2,123,077. The product is a lighting device
27 with a distinctive look and feel, for which Plaintiffs have also developed trade dress rights. The
28 product can be found in stores and catalogs across North America, in aquarium and horticultural

COMPLAINT FOR PATENT INFRINGEMENT DEMAND FOR JURY TRIAL

1  product stores throughout the United States and in many independent garden centers. Plaintiffs
2  GHIGLIERI market the product exclusively through their corporation, Plaintiff PACIFIC
3  GARDEN SUPPLY, INC.
4      9.    The unique shape of the lighting device has come to distinguish plaintiffs' device
5  from reflectors made and sold by others. As a result of the sales and advertising by plaintiffs using
6  this product design, the design has developed and now has a secondary and distinctive trademark
7  meaning to purchasers throughout the United States.

## PLAINTIFFS' PATENT

9      10.    On March 28, 2000, United States Patent Number 6,042,250 ("the '250 Patent") for a
10  lighting system was issued to Steven Vincent Stragnola ("Stragnola") of San Anselmo, California.
11  Stragnola assigned the '250 Patent to Light 33, Inc., a California corporation for which he served as
12  president. In turn, on or about January 27, 2005, the '250 Patent was duly and legally assigned by
13  Light 33, Inc. to plaintiffs GHIGLIERI, who have been the owner of the patent since that date.

## THE DEFENDANTS

15      11.    Plaintiffs are informed and believe and thereon allege that defendant VUE
16  TECHNOLOGY, LLC ("VUE") is a Louisiana limited liability company, has its principal place of
17  business at 38190 Commercial Court, Slidell, Louisiana, 70458, and conducts business under the
18  "Coralvue" name.
19      12.    Plaintiffs are informed and believe, and thereon allege, that defendant DAVID
20  D'AQUIN ("D'AQUIN"), a resident of Louisiana, is a controlling owner and manager of VUE.
21  D'AQUIN and is also the registered agent for VUE, and as such has been conducting, and has
22  previously conducted business under the name VUE.
23      13.    Contrary to defendants' obligations to plaintiffs, plaintiffs are informed and believe,
24  and thereon allege, that VUE and D'AQUIN are disseminating information, advertising, and selling
25  the LUMENARC product line in this judicial district and throughout the United States via
26  wholesale sales to distributors, mail order and/or through the internet.

3
COMPLAINT FOR PATENT INFRINGEMENT – DEMAND FOR JURY TRIAL

14. VUE and D'AQUIN have imported, import, have offered to sell, offer to sell, have sold and sell the LUMENARC products in the United States and in this judicial district, individually or in combination, all infringing on plaintiffs' patent, trademark and trade dress rights.

### AGREEMENT

15. In or about February 2006, plaintiffs and D'AQUIN entered into an agreement which authorized D'AQUIN and VUE to manufacture the reflector product line according to specified volumes and timing. Despite the fact that neither VUE nor D'AQUIN was ever authorized to distribute the proprietary products, they have consistently manufactured and distributed the reflector products unlawfully.

16. Defendants have been selling the unauthorized reflectors under the LUMENARC trademark in combination with their Coralvue brand, which has led to confusion in the marketplace.

17. Under U.S. patent law, Plaintiffs has the exclusive right to make, use, offer to sell, sell, and import the LUMENARC reflector product line. Defendants' conduct in manufacturing, importing, offering to sell, and selling the LUMENARC family of reflectors without authorization constitutes patent infringement. Defendants were notified of the patent violations, and have continued since the notification to manufacture and distribute the product line without authority.

18. The unauthorized use of the LUMENARC brand constitutes trademark infringement, and the production of any reflector by defendants that is sufficiently similar in appearance so as to confuse consumers also constitutes trade dress infringement.

### FIRST CLAIM FOR RELIEF
### PATENT INFRINGEMENT

19. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-16, inclusive.

20. During the term of the '250 Patent and without authority from plaintiffs, defendants have manufactured in China and have imported into the United States and made, used, offered to sell and sold within the United States one or more reflector products that infringed on one or more claims of the '250 Patent.

4
COMPLAINT FOR PATENT INFRINGEMENT - DEMAND FOR JURY TRIAL

21. Defendants' conduct was and is in complete disregard of plaintiffs' rights under the '250 Patent and in deliberate knowing and wanton disregard of the rights of plaintiffs.

22. As a proximate result of defendants' acts, plaintiffs have been damaged by defendants' infringement in an amount to be determined at trial.

23. This is an exceptional case and plaintiffs are entitled to recover three times its damages plus reasonable attorneys' fees under 35 U.S.C. §284.

24. Because of defendants' infringement, plaintiffs have been irreparably harmed and has suffered impairment of the value of their '250 Patent rights. Moreover, plaintiffs will continue to suffer irreparable harm unless defendants are restrained from infringing the claims of the '250 Patent.

WHEREFORE, plaintiffs prays judgment as set forth below.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF LANHAM ACT, SECTION 32

25. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-22, inclusive.

26. Defendants' use of the trademark LUMENARC, either separately on in combination with "Coralvue", constitutes acts in violation of 15 U.S.C. §1114(1)(a) in that such use has caused, and is likely to cause, confusion, mistake, and deception by purchasers and consumers of lighting products including, without limitation, reflector hoods.

27. As a proximate result of defendants' acts, plaintiffs have suffered great detriment to their business, goodwill, reputation and profits all to their respective damage in an amount to be determined at trial.

28. This is an exceptional case and plaintiffs are entitled to recover three times their damages plus reasonable attorneys' fees under Section 35 of the Lanham Act (15 U.S.C. §1117.)

29. Because of defendants' infringement, plaintiffs have been irreparably harmed and have suffered impairment of the value of their trademark rights. Moreover, plaintiffs will continue to suffer irreparable harm unless defendants are restrained from infringing plaintiffs' trademark rights.

1  WHEREFORE, plaintiffs pray judgment as set forth below.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF LANHAM ACT, SECTION 43(A)

30. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-22, inclusive.

31. Defendants' use of the trademark LUMENARC, either separately on in combination with "Coralvue", constitutes acts in violation of 15 U.S.C. §1125(a) in that such use has caused, and is likely to cause, confusion, mistake, and deception by purchasers and consumers of lighting products including, without limitation, reflector hoods.

32. Defendants' use of a shape and color for its reflector products that are substantially similar to the shape and color of plaintiffs' lighting system constitutes acts in violation of 15 U.S.C. §1125(a) in that such use is likely to cause, confusion, mistake, and deception by purchasers and consumers of lighting products.

33. As a proximate result of defendants' acts, plaintiffs have suffered great detriment to its business, good will, reputation and profits all to its damage in an amount to be determined at trial.

34. This is an exceptional case and plaintiffs are entitled to recover three times their damages plus reasonable attorneys' fees under Section 35 of the Lanham Act (15 U.S.C. §1117.)

35. Because of defendants' infringement, plaintiffs have been irreparably harmed and have suffered impairment of the value of their trade dress rights. Moreover, plaintiffs will continue to suffer irreparable harm unless defendants are restrained from infringing plaintiffs' trade dress rights.

WHEREFORE, plaintiffs pray judgment as set forth below.

## FOURTH CLAIM FOR RELIEF

## INFRINGEMENT OF COMMON LAW TRADEMARK RIGHTS

36. Plaintiffs reallege and incorporates by reference the allegations of Paragraphs 1-27, inclusive.

6
COMPLAINT FOR PATENT INFRINGEMENT - DEMAND FOR JURY TRIAL

37. Defendants' use of the trademark LUMENARC, either separately on in combination with "Coralvue", constitutes acts in violation of plaintiffs' common law trademark rights in that such use has caused, and is likely to cause, confusion, mistake, and deception by purchasers and consumers of lighting products including, without limitation, reflector hoods.

38. Defendants' marketing, distribution and sale of its reflector products that are the same as or substantially similar to the shape of plaintiffs' reflector ducts constitutes acts in violation of plaintiffs' common law trade dress rights in that such use is likely to cause confusion, mistake, and deception by purchasers and consumers of uniform illumination lighting systems.

39. As a proximate result of defendants' acts, plaintiff have suffered great detriment to their business, good will, reputation and profits, all to their damage in an amount to be determined at trial.

40. Because of defendants' infringement, plaintiffs have been irreparably harmed and has suffered impairment of the value of their trade dress rights. Moreover, plaintiffs will continue to suffer irreparable harm unless defendants are restrained from infringing plaintiffs' trade dress rights.

WHEREFORE, plaintiffs pray judgment as set forth below.

### FIFTH CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200)

41. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-31, inclusive.

42. Defendants' conduct and actions constitute an unfair business practice in violation of California Business and Professions Code §17200 et seq.

43. Defendants' unfair business practices have caused and if not enjoined, will continue to cause, irreparable and continuing harm to plaintiffs, for which plaintiffs have no adequate remedy at law.

44. As a proximate result of defendants' unfair business practices, defendants have received, and will continue to receive, improper fees and profits that rightfully belong to plaintiffs.

WHEREFORE, plaintiffs pray judgment as set forth below.

7
COMPLAINT FOR PATENT INFRINGEMENT - DEMAND FOR JURY TRIAL

## SIXTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

45. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-35, inclusive.

46. In accord with the Agreement made by Plaintiffs and Defendants, and at various dates and times thereafter, and all in performance and pursuant to the above-mentioned Agreement, Plaintiffs have performed all things necessary on their part to be performed under the Agreement, except to the extent prevented and excused by the breaches of Defendants as described, and including additional breaches by Defendants based on poor manufacturing and manufacturing defects in the product line, all to Plaintiffs' detriment.

47. Defendants have breached the Agreement at issue by failing to deliver well-manufactured goods and by selling goods for profit in which Plaintiffs owned the exclusive proprietary rights, without compensation to Plaintiffs, all in an amount according to proof, but in excess of the jurisdictional limits of this Court.

WHEREFORE, plaintiffs pray judgment as set forth below.

## SEVENTH CLAIM FOR RELIEF
## FRAUD

48. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-38, inclusive.

49. As described above, Defendant D'AQUIN intentionally implemented business practices for the purpose of gaining revenues for himself and VUE, knowing that such practices were not proper under the law or under the terms of the Agreement made with Plaintiffs. The business practices have adversely affected the value of Plaintiffs' business and '250 Patent, all to their detriment.

50. Defendant D'AQUIN intentionally concealed from Plaintiffs his manufacturing and sales of LUMENARC products made without authority. Upon information and belief, Plaintiffs also allege that the violations of the '250 Patent and Agreement by D'AQUIN continued even after he was notified of the violations by Plaintiffs. Upon information and belief, Plaintiffs allege that

8

despite notice and knowledge of the violations and breaches, Defendants delayed, obstructed and refused to make changes in response to Plaintiffs' requests that the unauthorized manufacturing and sales cease. Defendants failed to disclose to Plaintiffs their failure to cease such conduct, and with knowledge of the foregoing, and with the intent to deceive Plaintiffs, failed to disclose such wrongful conduct.

51. Plaintiffs justifiably relied on Defendants to comply with the Agreement made among them, and with all laws and regulations applicable to their business.

52. As a proximate result of the failure of Defendants to disclose the foregoing material facts during the term of the Agreement, Plaintiffs have suffered damages in an amount in excess of the jurisdictional limits of this Court.

53. In engaging in and ratifying the foregoing conduct, Defendants acted maliciously, fraudulently, and oppressively, and Plaintiffs are entitled to an award of punitive damages herein.

WHEREFORE, plaintiffs pray judgment as set forth below.

EIGHTH CLAIM FOR RELIEF

BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

54. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-43, inclusive.

55. The aforementioned Agreement contained an implied covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiffs in their performance under the Agreement, to refrain from doing any act which would prevent or impede Plaintiffs from performing all the conditions of the Agreement to be performed by them, and to refrain from doing any act which would prevent and impede Plaintiffs' enjoyment of the fruits of said Agreement. Said covenants of good faith required Defendants to fairly, honestly, and reasonably perform the terms and conditions of the Agreement described.

56. Defendants breached said implied covenants of good faith and fair dealing by failing to honor the terms of the Agreement as heretofore set forth, by wrongfully manufacturing and selling LUMENARC products without authority and by defectively manufacturing LUMENARC products, by concealing the wrongful manufacturing and sales and defective manufacturing, by

9

1  failing to provide the agreed manufactured goods, by intentionally interfering with ongoing
2  business relationships between Plaintiffs and their chosen distributors and clients, and by engaging
3  in other willful and malicious conduct as alleged in the within Complaint.
4       57.    As a result of the foregoing conduct, Plaintiffs have sustained damages in amounts
5  according to proof, but in excess of the jurisdictional limits of this Court.
6       58.    In engaging in the foregoing conduct, Defendants acted maliciously, fraudulently,
7  and oppressively, and Plaintiffs are entitled to an award of punitive damages herein.
8       WHEREFORE, plaintiffs pray judgment as set forth below.

### NINTH CLAIM FOR RELIEF

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

11      59.    Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-58,
12  inclusive.
13      60.    At all times described herein, Defendants were aware of the existence of an
14  economic relationship between plaintiffs and various third party distributors and clients, which
15  relationships afforded plaintiffs with a reasonable probability of future economic benefit.
16  Defendants were aware that if they did not act with due care their actions would interfere with these
17  relationships; and cause damage to plaintiffs due to defendants' actions.
18      61.    Despite the aforementioned knowledge, defendants intentionally acted to interfere
19  with the business relationships between plaintiffs and third parties, all to plaintiffs disadvantage and
20  harm. The acts undertaken by defendants were intentional, and designed to disrupt the relationships
21  to the detriment of plaintiffs.
22      62.    In engaging in and ratifying the foregoing conduct, Defendants acted maliciously,
23  fraudulently, and oppressively, and Plaintiffs are entitled to an award of punitive damages herein.
24      WHEREFORE, plaintiffs pray judgment as set forth below.

### TENTH CLAIM FOR RELIEF

### NEGLIGENT INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

27      63.    Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-62,
28  inclusive.

10

COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL

64. At all times described herein, Defendants were aware of the existence of an economic relationship between plaintiffs and various third party distributors and clients, which relationships afforded plaintiffs with a reasonable probability of future economic benefit. Defendants were aware that if they did not act with due care their actions would interfere with these relationships; and cause damage to plaintiffs due to defendants' actions.

65. Despite the aforementioned knowledge, defendants negligently acted to interfere with the business relationships between plaintiffs and third parties, all to plaintiffs disadvantage and harm. Defendants failure to exercise due care with regard to the business relationships between plaintiffs and third parties disrupted the relationships to the detriment of plaintiffs, and has caused damages to plaintiffs as a result.

WHEREFORE, plaintiffs pray judgment as follows:

## PRAYER FOR RELIEF

Plaintiffs pray that the Court enter judgment as follows:

A. That defendants, and all of their officers, agents, affiliates, servants, employees and attorneys, and all other persons in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from importing, making, using, offering to sell and selling products which embody the inventions claimed in the '250 Patent or any colorable imitations thereof.

B. That defendants, and all of their officers, agents, affiliates, servants, employees and attorneys, and all other persons in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from using the shape and color of plaintiffs' LUMENARC lighting system or any shape or color that is confusingly similar to the system.

C. That plaintiffs be awarded damages, in an amount to be proven at trial, adequate to compensate it for defendants' infringement of the '250 Patent.

D. That plaintiffs be awarded damage in an amount to be proven at trial adequate to compensate it for defendants' infringement of plaintiffs' trade dress rights.

11
COMPLAINT FOR PATENT INFRINGEMENT - DEMAND FOR JURY TRIAL

1     E.    As to plaintiffs' claim for the violation of Business and Professions Code §17200, that defendants be required to pay restitution for its ill-gotten gains to plaintiffs, together with attorney fees and costs incurred herein.

    F.    That the Court determine this to be an exceptional case under the U.S. Patent Laws and the U.S. Trademark Laws and award plaintiffs their reasonable attorneys' fees.

    G.    That the Court determines this to be an exceptional case under the U.S. Patent Laws and the U.S. Trademark Laws and increase the damages awarded to plaintiffs by three times the amount found or assessed.

    H.    As to plaintiffs' tort claims, that plaintiffs be awarded compensatory damages and punitive damages in an amount to be proven at trial.

    I.    That defendants be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of their compliance with each and every injunction ordered by the Court.

    J.    That plaintiffs be awarded their costs and pre-judgment interest on its damages.

    K.    That plaintiffs be granted such other and further relief as this Court determines is just and proper.

DATED: May 17, 2007

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Plaintiffs
PACIFIC GARDEN SUPPLY, INC., THOMAS GHIGLIERI, and JULIA GHIGLIERI

By: _____
Karin P. Beam

DEMAND FOR JURY TRIAL

(Civil Local Rule 3-6)

Pursuant to Civil Local Rule 3-6, plaintiffs Pacific Garden Supply, Inc., Thomas Ghiglieri and Julia Ghiglieri, individually and collectively, hereby demand a trial by jury.

DATED: May 17, 2007

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Plaintiffs
PACIFIC GARDEN SUPPLY, INC., THOMAS GHIGLIERI, and JULIA GHIGLIERI

By: _____
Karin P. Beam